## TRINITY FINANCE CORPORATION v. PRICE.

### No. 11711.

Court of Civil Appeals of Texas. San Antonio.

May 21, 1947.

Rehearing Denied July 9, 1947.

Levey & Goldstein, of San Antonio, for appellant.

P. C. Sanders, of San Antonio, for appellee.

NORVELL, Justice.

This is the second appeal of this case. The opinion of the Waco Court of Civil Appeals is reported in 192 S.W.2d 464, 465. Trinity Finance Corporation has again appealed from a judgment based upon an adverse jury verdict.

None of appellants points refer to the motion for new trial. Some of them are fatally defective in that they submit more abstract statements of law, such as "Where one of two innocent parties must lose, the loss must be sustained by the one who accepted a doubtful title" and "where an agent breaches his trust and acts for himself rather than his principal, he can not bind his principal by his unauthorized acts."

Appellant does, however, efficiently raise the contention that the evidence is insufficient as a matter of law to support the verdict, and this contention must be sustained.

We refer to the former opinion for a statement of the case. Despite the fact that the statement of facts contains more pages than did the statement of facts on the former appeal, we find no substantial difference in the testimony upon controlling issues.

The Waco Court in its opinion stated the following as controlling in the disposition of the case:

"Price being a used-car dealer, and familiar, as he testified, with the law in reference to the transferring of automobiles, it seems to us that those facts alone were sufficient to put him upon notice that Sims did not own the car and in all probability had no authority to sell it under the facts as related by him. There is no evidence that the Finance Corporation owned a Pontiac car on October 16, 1944, or any other time, and there is no evidence that the Chevrolet car had been turned over to Sims at the time he made the contract with Price to sell him a Pontiac car, and if Sims had collected $780 for a Pontiac car, he would certainly have no authority, under the facts in this case, to take a Chevrolet car belonging to the Trinity Finance Corporation and settle his obligation with Price. The mere possession of property of another does not give the possessor the right to deal with such property as he sees fit. The burden of proof was upon Price not only to establish agency but to establish his authority to bind appellant. This he has wholly failed to do."

These statements are applicable to the record before us on this appeal.

The opinion on the former appeal settled the law of the case. While the Waco Court remanded the case, it seems apparent that this was done upon the theory that the case had probably not been fully developed. Its holding, as is apparent from the excerpt quoted, was based upon there being insufficient evidence as a matter of law; no evidence, in other words, to support the judgment. Since the lack of evidence pointed out was not supplied upon this trial, we must assume that such evidence is unavailable and that the case has been fully developed.

We hold, therefore, that the trial court erred in overruling appellant's motions for a peremptory instruction and judgment non obstante veredicto. It is therefore our duty to render such judgment as should have been rendered by the court below.

The judgment appealed from is reversed, and judgment here rendered for appellant and against appellee for the title and possession of the 1941 Chevrolet Town Sedan, Motor No. AA 1011005.